# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| NETSTREAMS, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY G. GARRETT and SMART ELECTRONICS, a sole proprietorship,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE ADVERTISING, INTERFERENCE WITH CONTRACTUAL RELATIONS, AND VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT AND WASHINGTON STATE LAW**

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Plaintiff NetStreams L.L.C. ("Plaintiff" or "NetStreams") hereby complains against defendant Jeffrey G. Garrett the sole proprietor of defendant Smart Electronics (collectively "Defendant"), on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Texas, with its principle place of business in Austin, Texas.

2. Plaintiff is informed and believes, and on that basis alleges, that Jeffrey G. Garrett is, and at all times relevant was, an individual in the state of Washington.

3. Plaintiff is informed and believes, and on that basis alleges, that Smart Electronics is a sole proprietorship operated pursuant to a Washington state business license, under the laws of Washington state by Jeffrey G. Garrett, with Smart Electronics's official business headquarters at 3046 128th Avenue South East, Unit #30, Bellevue, Washington 98008.

## JURISDICTION AND VENUE

4. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This court has supplemental jurisdiction pursuant to 28 USC §1367 for related state law claims.

5. This court has personal jurisdiction over the Defendant because of its location within the state of Washington, and its residence and business activities within Washington State.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant's business is primarily located within this district and Defendant's business conduct giving rise to this action originates within this district.

## GENERAL ALLEGATIONS

Plaintiff's Product and Brand

7. Plaintiff distributes high quality multi-room audio, video, and control products under the trademark NETSTREAMS.

COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT AND WASHINGTON STATE LAW

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

8. Plaintiff's NETSTREAMS mark is used in conjunction with a suite of audio and video products including: Control systems, signal tuners, amplifiers and control interfaces which are combined and installed by certified custom installers to create customized and fully integrated systems for use in home or business settings. The audio and video products bearing the NETSREAMS mark are designed to be fully integrated and hardwired into the home or office. NetStreams's systems provide multiple control access points from different rooms with different audio and video capabilities providing a high quality and customized experience to fit each individual customer's needs.

9. A material part of Plaintiff's products bearing the NETSTREAMS mark is the certified custom installers whom provide installation, set up, integration and quality control of products bearing the NETSTREAMS mark. Certified custom installation helps to ensure that customers receive the high quality custom systems that the NETSTREAMS mark has come to represent.

10. Plaintiff provides a factory warranty for its products bearing the NETSTREAMS mark, but that warranty is expressly limited to apply only to products that are purchased from NetStreams or from an authorized dealer of products bearing the NETSTREAMS mark.

11. Plaintiff does, continues to, and has advertised, publicized, and used the NETSTREAMS mark nationally in connection with high quality audio and visual equipment since at least as early as August of 2003, and has sold its products to families and businesses across the United States.

12. Plaintiff has advertised its products extensively under the NETSTREAMS mark, and has received acclaim for its products in premiere industry publications.

13. Due to Plaintiff's extensive and continuous use of its trademarks in the United States, the NETSTREAMS mark has developed and possesses secondary meaning in the minds of the purchasing public, and is associated with the high quality audio and video products.

<u>Plaintiff's Distribution Network and Dealer Agreement</u>

14. To maintain control of the quality of the products marketed and sold under the NETSTREAMS mark, Plaintiff distributes its products exclusively through authorized dealers. Plaintiff enters into an agreement with each authorized dealer ("Dealer Agreement") which, among other things, provides a nonexclusive license to the dealer to use the NETSTREAMS trademark.

15. The Plaintiff precludes online sale by authorized dealers without prior written consent from NetStreams, in part to try and ensure quality customer service and that a NetStreams certified custom installer handles the installation. Skilled installation, as provided and ensured by NetStreams's trained and certified custom installers, is a material part of NetStreams products and provides proper integration, functionality, quality control, and that customers get the best quality of audio and video experience available from NetStreams's products bearing the NETSTREAMS mark.

16. The Plaintiff also prohibits "transshipping" by authorized dealers. Authorized dealers may not sell NetStreams products to a person who then sells the products at retail, or whom the dealer suspects might sell the products at retail without breaching the Dealer Agreement.

Defendant's Business and Unauthorized Use of the NETSTREAMS Mark

17. Upon information and belief, Jeffrey G. Garrett is an owner, officer, employee, director, or sole proprietor of Smart Electronics.

18. Defendant is not, and has never been, an authorized dealer of Plaintiff's products.

19. Defendant currently markets and offers for sale over fifty different products of Plaintiff's on its website www.garrett-smarthome.com ("Defendant's Website"). Plaintiff's products listed on Defendant's Website are advertised and offered for sale in connection with the NETSTREAMS trademark.

20. By advertising products bearing the NETSTREAMS mark on Defendant's Website, Defendant caused that advertising and the NETSTREAMS mark to enter interstate commerce, because Defendant's Website is viewable and allows such viewer to purchase

products bearing the NETSTREAMS mark from anywhere in the country.

Defendant's False or Misleading Statements and Other Conduct Giving Rise to Liability

21. Defendant's commercial advertisement of products bearing the NETSTREAMS mark on Defendant's Website states that "Original manufacturer warranty is intact on all items we sell" and the products are either purchased directly from the manufacturer or from authorized distributors.

22. Defendant's commercial advertisement is false because the NetStreams manufacturers warranty is expressly limited to products bearing the NETSTREAMS mark that are purchased from NetStreams or a NetStreams authorized dealer.

23. Defendant's commercial advertisement is misleading because it is likely to cause confusion, to cause mistake, or to deceive consumers into believing the Defendant is affiliated, connected, or associated with the Plaintiff, or that the Defendant's sale of products bearing the NETSTREAMS mark is sponsored or approved by the Plaintiff.

24. These false and misleading statements are material because they are likely to influence the purchasing decisions of the Defendant's Website's viewers.

25. Upon information and belief the Defendant does not provide NetStreams certified custom installers to handle the installation of products bearing the NETSTREAMS mark sold from Defendant's Website.

26. Upon information and belief Defendant's actions have induced or caused one or more of the Plaintiff's authorized dealers to break their Dealer Agreement by purchasing products bearing the NETSTREAMS mark for transshipping.

27. Upon information and belief the Defendant has obtained and sold products bearing the NETSTREAMS mark for the sole purpose of profiting from said unauthorized sale.

Plaintiff's Attempts to Remedy the Situation with Defendant

28. On or about May 3, 2006, shortly after it came to Plaintiff's attention that Defendant was marketing and attempting to sell NetStreams products on its website, Plaintiff sent Defendant an email stating that NetStreams products are available for sale only from

authorized dealers, and that their dealer agreement precludes anyone from selling the product online.

29. On or about May 5, 2006, Jeffrey G. Garrett replied by email, informing Plaintiff that NetStreams products would no longer be sold on Defendant's website.

30. On or about April 23, 2007, after Plaintiff became aware that Defendant was again marketing and attempting to sell NetStreams products on its web site, counsel for Plaintiff sent Jeffrey G. Garrett a letter objecting to Defendant's activities. The letter explained that Plaintiff only distributes to authorized dealers, which Defendant is not, thus the products advertised for sale are apparently obtained in violation of a Dealer Agreement. The letter then insisted that Defendant remove all references concerning the availability of NetStreams products from Defendant's website.

31. Defendant continues to advertise and offer for sale products bearing the NETSTREAMS mark on Defendant's Website.

## FIRST CAUSE OF ACTION: TRADEMARK INFRINGEMENT
## (LANHAM ACT SECTION 32, 15 U.S.C. § 1114)

32. Plaintiff incorporates and realleges Paragraphs 1-31 above, herein.

33. Plaintiff has used the NETSTREAMS mark continuously and exclusively in commerce in the United States since at least as early as August of 2003, developing a strong association between Plaintiff's products, company, and the mark.

34. Defendant is selling NetStreams products bearing the NETSREAMS mark without the consent or authorization of the Plaintiff.

35. The products the Defendant sells bearing the NETSTEAMS mark are materially different from the products sold by the authorized dealers bearing the NETSTREAMS mark.

36. Upon information and belief Defendant's sales of materially different products bearing the NETSTREAMS mark has caused and is likely to continue to cause consumer confusion and damage to the goodwill associated with the NETSTREAMS mark.

37. Upon information and belief the Defendant's acts causing confusion and damage to the goodwill associated with the NETSTREAMS mark has damaged the Plaintiff.

38. The Plaintiff does not possess adequate remedies at law to compensate for the damage done and continuing to be done to the NETSTREAMS mark. Defendant's acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff is therefore entitled to an injunction as well as damages for an amount to be proven at trial.

## SECOND CAUSE OF ACTION: FALSE ADVERTISING
## (LANHAM ACT SECTION 43(a), 15 U.S.C. § 1125(a))

39. Plaintiff incorporates and realleges Paragraphs 1-38 above, herein.

40. Defendant's national commercial advertisement of products bearing the NETSTREAMS mark contains material false statements of fact which misrepresent the nature, characteristics or qualities of those products sold by the Defendant bearing the NETSTEAMS mark and are likely to deceive purchasers of NetStreams products.

41. Defendant's national commercial advertisement of products bearing the NETSTREAMS mark contain material statements of fact and claims which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendant with the Plaintiff, or as to the origin, sponsorship, or approval of the products Defendant sells bearing the NETSTREAMS mark by the Plaintiff.

42. Defendant's false and misleading advertising has damaged Plaintiff in an amount to be proven at trial consisting of, among other things, lost profits, injury to business relationships, and damage to the goodwill associated with the NETSTREAMS mark.

## THIRD CAUSE OF ACTION: INTERFERENCE WITH CONTRACT RELATIONS
## (WASHINGTON COMMON LAW)

43. Plaintiff incorporates and realleges Paragraphs 1-42 above, herein.

44. Defendant had and continues to have knowledge of a valid and enforceable contract between authorized dealers of products bearing the NETSTREAMS mark and the Plaintiff, because Plaintiff informed Defendant of the Dealer Agreement.

45. Upon information and belief, Defendant intentionally induced or caused an authorized dealer of products bearing the NETSTREAMS mark to breach their Dealer Agreement with NetStreams by purchasing said products for transshipping.

46. Upon information and belief, Defendant's acts have caused and will continue to cause damages to the Plaintiff from the breach of the Dealer Agreement.

47. Upon information and belief Defendant's have a duty of noninterference with the Dealer Agreement between the Plaintiff and the Plaintiff's authorized dealers because the Defendant is not a party to the contract and induced or caused the breach of the Dealer Agreement solely for the Defendant's financial gain by unauthorized commercial resale of products bearing the NETSTREAMS mark.

## FOURTH CAUSE OF ACTION:

## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

### (WASH. REV. CODE §§ 19.86.010 et seq.)

48. Plaintiff incorporates and realleges Paragraphs 1-47 above, herein.

49. Defendant is committing and has committed unfair and deceptive acts and/or conduct in its trade or business which have the tendency to deceive the public.

50. Defendant's unfair and deceptive acts and/or conduct affects the public interest, because among other reasons said conduct: (1) is and was committed in the course of Defendant's trade or business, (2) represents a continuing pattern of behavior with regard to products bearing the NETSTREAMS mark, (3) occurred prior to the Plaintiff's institution of this suit, (4) has the potential to continue unless stopped by this suit, and (5) will potentially affect all consumers who purchase products bearing the NETSTREAMS mark from the Defendant.

51. Defendant's unfair and deceptive conduct has damaged the Plaintiff in its trade or business.

52. Plaintiff is entitled to treble damages up to the maximum amount consistent with the Washington Consumer Protection Act, injunctive relief, and to the recovery of its attorney fees and costs in bringing this lawsuit.

COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT AND WASHINGTON STATE LAW - 7 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## Prayer for Relief

WHEREFORE, Plaintiff prays:

1. That this court grant a preliminary and permanent injunction enjoining Defendant, its subsidiaries, parent and affiliated companies, successors, assigns, officers, directors, agents, partners, servants, and employees, and all others acting in concert with them, from using and infringing Plaintiff's NetStreams mark, and from doing any acts or making any representations that are likely to cause public confusion, mistake, or deception with respect to any relationship between Plaintiff and Defendant or their respective goods, services, or commercial activities;

2. For an order requiring Defendant to pay Plaintiff such damages as Plaintiff has sustained as a result of Defendant's trademark infringement, false advertising, interference with business relations, and violation of the Washington Consumer Protection Act;

3. For an order requiring Defendant to pay Plaintiff its attorney's fees incurred in this action and all other costs of the action; and

4. For an order granting such other relief as the Court deems just and equitable.

COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT AND WASHINGTON STATE LAW  - 8 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

# JURY DEMANDED

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff respectfully demands a trial by jury of all issues in this action so triable.

Dated: May 5, 2008

Britton F. Davis, WSBA #39523
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Facsimile: (206) 883-2699
Email: bdavis@wsgr.com

Nicole W. Stafford
Michele K. Connors
**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, TX 78746
Telephone: (512) 338-5400
Facsimile: (512) 338-5499
Email: nstafford@wsgr.com
Email: mconnors@wsgr.com

Attorneys for Plaintiff
NETSTREAMS, L.L.C.

COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT AND WASHINGTON STATE LAW - 9 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699